## UNITED STATES v. HENRY.
### No. 10838.

District Court, D. Nevada.

Oct. 12, 1943.

Thomas O. Craven, U. S. Atty., and Bruce R. Thompson, Asst. U. S. Atty., both of Reno, Nev., for plaintiff.

Harlan L. Heward, of Reno, Nev., for defendant.

NORCROSS, District Judge.

By stipulation of attorneys for the respective parties and approval of the Court, this case was tried without a jury.

162

The indictment sets forth two counts. Count I charges that defendant "on or about the first day of August, 1943, at Reno, * * *, he then and there being a person acting for or in behalf of the United States in an official capacity * * *, to-wit: the Equipment Supervisor at the Hawthorne Naval Ammunition Depot, Hawthorne, Nevada, did willfully, unlawfully, knowingly and feloniously ask of one J. M. Kinney certain money, to-wit: Five Thousand Dollars * * *, with the intent * * * then and there to have his decision or action, on a matter which might be pending before him in his place of trust, influenced thereby, to-wit: the matter of the closing out of the contract between Radich & Brown Construction Company, contractors on the Hawthorne, Nevada, Naval Ammunition Depot project, and the United States Navy Department and the accounting by said contractors for the supplies and equipment leased or entrusted * * *, for use in the performance of said contract; * * *."

Count II charges that defendant "on or about the 4th day of August, 1943, at Reno, * * *, he then and there being * * * (same as Count I), did * * * accept and receive from one J. M. Kinney, * * * Five Thousand Dollars * * *, with the intent then and there to have his decision or action * * * (same as in Count I, supra,) influenced thereby, * * *."

The provision of the statute charged with having been violated is Section 207, 18 U.S.C.A., the material portions of which read: "Whoever, being an officer of * * * or a person acting for or on behalf of the United States, in any official capacity, * * * shall ask, accept, or receive any money * * * with intent to have his decision or action on any question, matter, cause, or proceeding which may at any time be pending, * * * before him * * * in his place of trust or profit, influenced thereby, shall be fined * * *, and imprisoned * * *; and shall, moreover, forfeit his office or place and thereafter be forever disqualified from holding any office of honor, trust, or profit * * *."

Defendant interposed pleas of "not guilty" to both counts of the indictment.

At the outset of the trial counsel for defendant interposed a demurrer to the indictment as not stating sufficient facts to constitute an offense within the purview of the statute, which demurrer was then overruled. Upon the argument, following conclusion of the testimony, upon request granted, the demurrer was renewed, argued and is now again overruled.

Upon the trial, defendant, called as a witness in his own behalf, denied ever having asked or made any request of J. M. Kinney, manager of Radich & Brown Construction Company, in the nature of a bribe in the sum of $5,000, or any other amount. He testified that he had discussed with him the matter of his availability for employment for a few weeks prior and/or subsequent to August 12, 1943, at which time he was directed to appear for transfer for delivery to an induction station for examination for entry into the land or naval forces; that he was leaving the Hawthorne project on August 5th. Other evidence substantiate the statements respecting induction and termination of his services with the Hawthorne Naval Depot.

Most of the evidence of the case was taken up with respect to Count II of the indictment and, hence, that count will be first considered as it, also, involves legal questions arising from facts concerning which there is no conflict in the evidence. Upon his return to San Francisco on or about August 1, Mr. Kinney reported to his employers, Radich and Brown, that he had had another conversion with the defendant, which occurred at Reno, at which defendant had reduced his demand to five thousand dollars. That they then decided to call in F.B.I. officials and discuss the matter with them, which was done. That it was then decided that Mr. Kinney would return to Reno in company with all or certain of the said officials, taking with him a sealed envelope containing currency furnished by Radich and Brown in the amount of five thousand dollars and, upon arriving in Reno, go to a hotel and engage adjoining rooms, one for Mr. Kinney and one for official use; then get in touch with local F.B.I. officials and Mr. Kinney to get in touch with defendant at Hawthorne and request that he meet him at the hotel. That such meeting was arranged and occurred late in the evening of August 4th. That at such meeting Kinney was to deliver the said envelope containing the money to defendant and soon thereafter leave the room in company with defendant, when, upon approaching the elevator, defendant would be taken into custody by the officers,

waiting near by for such purpose, and the money taken from him and by one of them to be held until the case was finally disposed of. Defendant was so arrested and the money taken from him and since so held. Immediately following his arrest, defendant was taken to the county jail and there so held until some days later released on bond.

We have here to consider, upon a bribery charge, facts establishing a pre-arranged plan for delivery of alleged sought bribery money under circumstances such that it could never be used for purposes alleged to be stated by the defendant—aiding the company, advancing the money, by effecting reductions in or elimination of liability for deductions on their contract payment—placing the defendant in a position where he could not render aid either to the Government officials at the Hawthorne Naval Base or the contractor. In short, the statute to be subject to construction that when any one acting in any official capacity receives any money, theretofore demanded, he may be found guilty of accepting the same with intent to have his decision or action on any matter which may at any time be pending, or brought before him in his official capacity, notwithstanding his official capacity would end the following day in any event, and the money received be taken from him a few minutes after such receipt by the arresting officers.

■ The gist of the offense charged in the second count is the intent of the defendant at the time of the receipt of the money. 11 C.J.S. Bribery, § 2, p. 844. How may a person have an intent to affect his official action, which official action may not be taken prior to the termination of his official position? Such an intent is not deducible from the facts of this case. The statute is not broad enough to embrace a definition of official bribery on the assumption that a person thereafter may obtain an official position by reappointment or otherwise and, if so, to intend to perform in an improper or unlawful manner. Criminal statutes are strictly construed. 11 C. J.S., Bribery, § 2, p. 842.

■ It is the conclusion of the Court that the evidence is insufficient to establish requisite conditions of the statute requirements in that at the time of receipt of the money tendered defendant's official position was practically terminated and official action involved in the charge could not be taken or influenced, and hence there is no basis for a finding of the necessary element of intent.

■ Independent of the reasons last stated, we have involved in Count II the same question which is presented in Count I of the indictment—did defendant, "on or about the first day of August, 1943, at Reno, * * * ask of one J. M. Kinney certain money, to-wit: Five Thousand Dollars * * *, with the intent * * *," as stated in the indictment. The question whether defendant did so "ask" Mr. Kinney rests mainly upon the testimony of the two persons participating in the alleged statement made by defendant. No other witnesses called heard such a conversation. The testimony of the said two witnesses respecting such asking was conflicting in every material respect. Considering the same together with all the other evidence in the case respecting circumstances which may have a bearing upon the said question whether such statement was made by defendant, subject to the settled rule of law governing circumstantial evidence, the conclusion is reached that it has not been established beyond a reasonable doubt that defendant made such demand or request.

■ The question was raised that on a trial upon a charge of bribery such charge includes the offense of extortion and a conviction of such offense may be made if the facts so justify. No basis is found for this contention, so far as the evidence is concerned. As a matter of law the two offenses are distinguishable. 11 C.J.S., Bribery, § 1, p. 840.

It is the conclusion of the Court, and the Judge thereof so finds, that the evidence is insufficient to establish the guilt of defendant beyond a reasonable doubt in respect to Count I of the indictment and, also, in respect to Count II thereof, wherefore:

The Court finds the defendant not guilty on Count I of the indictment and not guilty on Count II of the indictment.

It is, therefore, ordered that he be released from the charge and the amount of the bond deposited for his release from custody pending trial be returned.